AUGUSTA GASSERT AND FREDERICK GASSERT v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted July 6,.1906—Decided November 12, 1906.

There is no legal error in an instruction to the jury that the point of junction of a ferry-boat and its dock is a place of danger, and that a passenger, in passing on or off ·the boat, is bound to use care when he reaches that point.

---

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiffs in error, *Michael T. Barrett* and *Samuel Kalisch.*

For the defendant in error, *George Holmes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiffs sued to recover for personal injuries received by Mrs. Gassert while boarding a ferry-boat of the defendant company at its ferry-house in the city of New York.    The claim was that the gangplank was placed improperly, and that when Mrs. Gassert stepped upon it it tipped over, precipitating her to the dock.    There was a verdict for the defendant company and the plaintiffs have sued out this writ of error.

The first assignment is that the court improperly charged the jury upon the question of contributory negligence, as follows: "You may ask yourselves another question—whether the plaintiff, Mrs. Gassert, was herself negligent; in other words, assuming, now, that the plaintiff's testimony is to be adopted, whether there was negligence on her part in stepping upon such a gangplank as this was, a little elevated above the surface of the dock?"    Part of the testimony submitted by the plaintiff, and given by her son, who was in her company at the time of the accident, was that more of the gangplank was on the dock than on the boat, and that the end of the gangplank was tilted up very perceptibly.    Assuming this to have been the situation, it clearly was for the jury to say whether the plaintiff was negligent in failing to observe it; or if they found she did observe it, then whether she was negligent in stepping upon it as she did.    There was no error, therefore, in leaving the question of contributory negligence to the jury in the manner in which it was submitted.

The only other assignment argued is that it was error for the judge to charge the jury that they "should consider that the point of junction of the ferry-boat and its dock may be a

point of danger, and that the plaintiff was bound to use care accordingly." It is difficult to understand from the brief of counsel just why this instruction is considered erroneous. It is to be observed that the instruction was not that the point of junction of the ferry-boat with its dock is a point of danger, but that it "may be" so. The truth of this statement seems to us to be obvious. The happening of the accident to Mrs. Gassert in this very case demonstrates its accuracy. Not only did the trial judge have the warrant of common experience for this instruction, but he was further justified in it by judicial decisions. In the case of *Palmer* v. *New Jersey Railroad Co.*, 4 *Vroom* 90, and, again, in *Dwyer* v. *New York, &c., Railway Co.*, 18 *Id.* 9, this court declared that the junction point of a ferry-boat and its dock "must in the nature of things be a place of some danger." These cases settle the law of the state with regard to the character of such places, so far as the Circuit Courts are concerned.

The judgment under review must be affirmed.